IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CR453 |
| | ) | |
| V. | ) | |
| | ) | |
| FRANKLIN A. ANSU, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court upon Defendant Franklin Ansu's Motion to Sever Counts (filing 16). Defendant requests that the Court sever Counts I and II of the Indictment from Count III, arguing that the offenses alleged in the Indictment are not based on the same act or transaction, are not the same or similar in character and do not constitute a part of a common scheme or plan. For the reasons explained below, the motion will be denied.

## BACKGROUND

Defendant was charged in a three-count Indictment with submitting false statements in writing in violation of 18 U.S.C. § 1001(a)(3) (Count I); making false statements in violation of 18 U.S.C. § 1001(a)(2) (Count II); and aiding and abetting an individual in fraudulently using a Social Security account number in violation of 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. § 2 (Count III). (Filing 1.)

The first two counts relate to an alleged intentional withholding or omitting of information to the United States Air Force. Count I alleges that on or about May 16, 2011, Defendant fraudulently and falsely represented on an employment application ("SF-86 form") submitted to the United States Air Force that he had been unemployed from August of 1983 through January of 2007. (Filing 1.) Count II alleges that on or about May 24, 2011, Defendant made false statements or representations to an investigator with the United States Office of Personnel Management Investigations Service at Offutt Air Force Base by telling the investigator that he was in school full-time from August of 1983 through January of

2007, and by omitting that he had been employed by the Bureau of National Investigations in Ghana during the calendar years 2004 through 2006. (*Id*.)

Count III alleges that from December, 2009 through September, 2010, Defendant aided and abetted another individual in obtaining employment by allowing that individual to fraudulently use Defendant's name and Social Security Number to obtain employment with NESCO and the William H. Harvey Company. (*Id*.) Court III further alleges that Defendant aided and abetted that individual by permitting that individual to deposit payroll checks into Defendant's bank account. (*Id*.)

## DISCUSSION

Rule 8(a) of the Federal Rules of Criminal Procedure permits the Government to charge multiple counts in a single indictment if "the offenses are of the same or similar character, based on the same act or transaction, or are parts of a common scheme or plan." *United States v. Steele*, 550 F.3d 693, 702 (8th Cir. 2008). Rule 8 "is broadly construed in favor of joinder to promote the efficient administration of justice." *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008).

Under Rule 8, offenses are considered "of the same or similar character" if they "refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." *United States v. Lindsey*, 782 F.2d 116, 117 (8th Cir. 1986) (quotation omitted). The time factor is determined on a case-by-case basis and "there is no per se rule on when the time period between similar offenses is so great that they may not be joined." *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984). Evidence overlaps for purposes of Rule 8 when evidence surrounding one offense would be probative and admissible at the defendant's separate trial for the other offense under Federal Rule of Evidence 404(b). *Id*. at 630.

Once it is determined that the offenses are properly joined under Rule 8, Rule 14 of the Federal Rules of Criminal Procedure specifies that the district court may nevertheless order separate trials if a joint trial would "prejudice a defendant or the government." Fed. R. Crim. P. 14. Only in an unusual case, however, will the prejudice resulting from a joint

trial be substantial enough to outweigh the "general efficiency of joinder." *Taken Alive*, 513 F.3d at 903. Therefore, separate trials are required only where prejudice caused by a joint trial is "severe or compelling." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005).

Having thoroughly reviewed the matter, the Court finds that joinder is proper under Rule 8. The offenses set forth in the Indictment are of the same or similar character. Counts I and II charge Defendant with making false representations in connection with his application for employment with the United States. Count III charges Defendant with aiding another individual in committing Social Security fraud by permitting that person to falsely represent Defendant's Social Security Number for the purpose of allowing that person to obtain employment. In short, Defendant has been charged in all three counts with fraud in connection with the employment of himself or another through the means of misrepresentation. Joinder is also proper because these offenses have the same general victim - the United States - and occurred over a relatively short period of time.

Moreover, Plaintiff will rely, at least in part, on the same evidence in presenting its case. In particular, Plaintiff maintains it will use two SF-86 forms that Defendant submitted to the Air Force. These forms purportedly detail Defendant's work history, but omit any reference to Defendant's employment in Ghana and do not list any employment with the William H. Harvey Company or NESCO in 2009 and 2010. Plaintiff claims the forms will be evidence in Counts I and II that Defendant omitted employment history from Ghana, and it will be evidence in Count III tending to show that Defendant was not employed by NESCO or the William H. Harvey Company even though his name, Social Security Number and bank account were allegedly used by the person who was so employed.

The Court further finds that a joint trial would not cause Defendant severe prejudice. The Eighth Circuit Court of Appeals has made clear that "[n]o prejudice results from the refusal to sever when evidence of one charge would be admissible in a separate trial on the other." *United States v. McCarther*, 596 F.3d 438, 442 (8th Cir. 2010). Under Federal Rule of Evidence 404(b), the facts related to Defendant's commission of Counts I and II would likely be probative and admissible in a separate trial on Count III. *See United States v. Boyd*, 180 F.3d 967, 983 (8th Cir. 1999) ("As the evidence would have been admissible in a separate trial for another crime under Rule 404(b), a joint trial does not result in additional

prejudice"). Defendant will not be unduly prejudiced by a joint trial.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Sever Counts (filing 16) is denied.

**DATED March 17, 2014.**

                                    **BY THE COURT:**

                                    **S/ F.A. Gossett**
                                    **United States Magistrate Judge**